IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDDIE L. TUCKER, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:19-CV-1213-N-BK |
| § | |
| BBVA COMPASS BANK, CEDRIC § | |
| BROWN, WALTER L. IRVIN, RAY § | |
| MCDONALD, AND CHARLES C. § | |
| GUIMM, III, § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On April 12, 2019, Plaintiff filed a *pro se* complaint against Defendants in the United States District Court for the District of Columbia. Doc. 1. The presiding judge transferred the case to this Court, Doc. 3, and this matter was referred to the United States magistrate judge for pretrial management, Doc. 5. Upon review, however, there did not appear to be a basis for the Court's subject-matter jurisdiction. Doc. 12. The Court thus ordered Plaintiff to show cause, by August 2, 2019, why his case should not be dismissed for lack of jurisdiction. Doc. 12.

Plaintiff failed to do so. Instead, he filed two motions titled *Motion for Order to Show Cause*, stating that Defendants' "claims" are "false and erroneous"[1], as well as a *Request to Join (2) Cases*, asking that he be permitted to add two additional plaintiffs. Doc. 13; Doc. 14; Doc. 15. Upon consideration of the pleadings and applicable law, the Court recommends that this

---

[1] Defendants Irvin and Brown each filed answers citing lack of subject-matter jurisdiction. Doc. 10; Doc. 13.

case be *sua sponte* **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

As noted in the Court's *Order to Show Cause*, Doc. 12, Plaintiff alleged in his complaint that the Court has subject-matter jurisdiction based on the parties' diversity of citizenship, Doc. 1 at 3.  However, Plaintiff also acknowledged that he and at least some of the Defendants are citizens of Texas, which would preclude diversity jurisdiction.  Doc. 1 at 2-3; *see* 28 U.S.C. § 1332 (requiring, *inter alia*, complete diversity of citizenship between adverse parties to support diversity jurisdiction).

Further, while Plaintiff checked the boxes on his Civil Cover Sheet for "Federal Question" jurisdiction, "Truth in Lending," and "Civil Rights," Doc. 1-1, that is insufficient to invoke the Court's federal question jurisdiction given the absence of any supporting facts and allegations in Plaintiff's complaint.  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008) ("Under the well-pleaded complaint rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint") (internal quotation mark omitted).

For these reasons this case should be *sua sponte* **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.  FED. R. CIV. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**SO RECOMMENDED** on October 16, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must specify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).